No. 896.

.SUSAN C. PALFREY VS. M. T. GORDY, SHERIFF, ET AL.

In her petition of injunction the plaintiff alleges that she is a mortgage creditor with vendor's privilege upon the property seized for $46,666, with interest, etc.; that the property had been seized and taken possession of by the sheriff under executory process issued under her debts; that while the property was under her seizure a compromise was made with her debtor, D. B. Penn, by which he transferred to her the property for the unpaid price, subject to the right of redemption which he reserved; and that the act was duly recorded; she alleges that the judgments obtained in the parish court of St. Mary, in distinct suits against her debtor, D. B. Penn, by certain laborers for sums under five hundred dollars, but amounting in the aggregate to several thousand, are null and void from the want of citation, etc. The defendants objected to the jurisdiction of the district court which had issued plaintiff's injunction, and the exception was sustained.

The district court clearly had jurisdiction of this case. The property was under seizure under the order of seizure and sale obtained by plaintiff before the seizures of defendants. The *dation en paiement* with the resolutory condition vested the title in plaintiff, and she had the right to enjoin the sale thereof under defendant's judgments and where judgments are opposed to their holders; the nullity thereof may be shown in any court. The parish court could not have passed upon the questions raised by the petition of injunction for want of jurisdiction *ratione materiæ*. The case is remanded.

A PPEAL from the Third Judicial District Court, parish of St. Mary. *Train*, J. Fred. Gates, for plaintiff and appellant. *D. Caffery*, for defendants and appellees.

LUDELING, C. J. On the nineteenth of September, 1873, executory process issued on two mortgage notes of $23,333 33, in favor of J. B. Marsh, executor, and S. C. Gates (Widow Palfrey), and the Ricohoc plantation was seized on the third of January, 1874. On the tenth of November, 1873, an agreement was entered into between Mrs. Palfrey, acting for herself and as tutrix of her children and D. B. Penn, by which the payment of said notes was prolonged from year to year on condition that the maker, D. B. Penn, should pay, on or before the fifteenth of January, 1874, the interest, so as to reduce the whole debt to fifty thousand dollars at that date, which was to bear interest at eight per cent per annum, payable in January and July of each year, and the principal thus fixed to be reduced by the payment of an annual installment of at least five

thousand dollars, commencing on the first of March, 1875, and it was further stipulated that this agreement was not to affect or change the rights of the parties as they then existed.

On the sixteenth of January, 1874, the same parties entered into another agreement by notarial act, duly recorded in the parish of St. Mary, in which it is recited that the Ricohoc plantation was purchased by D. B. Penn from the said Mrs. Palfrey, widow and tutrix, and that the price represented by the notes on which executory process had been issued was unpaid, and, referring to the agreement above mentioned, it was stipulated that the said plantation and appurtenances then under seizure as aforesaid should be turned over and delivered unto the said Mrs. Palfrey, "who is to have the entire management and control of the same *until the fifteenth of January*, 1875, to be run and all expenses paid out of crops, the surplus, if any, after paying necessary expenses, to be credited on the debts evidenced by the notes aforesaid. Any debts now due by D. B. Penn which the said Mrs. Palfrey may be compelled to pay shall be charged in the expense account and be a debit by said Penn. An acceptance of three thousand five hundred dollars, due November 1, 1874, shall be given by said Penn, and all discounts submitted to for the purpose of reducing the same to cash shall be charged to and borne by the said Penn. The property thus turned over shall remain in the possession of Mrs. Palfrey until a full compliance be made with the terms of the agreement above referred to, dated the tenth of November, 1873, and the said agreement shall remain in full force and effect, except that the present agreement in the nature of a compromise is to be indorsed on the original of said agreement of the tenth of November, 1873, as a compliance with the terms stipulated for 1874. And in case on the fifteenth of January, 1875, the said Penn finds it impossible to comply with the stipulations of said agreement of November 10, 1873, then and in that case he hereby binds himself to retrocede the said plantation with its fixtures and appurtenances for the amount of the debt. The non-compliance by the fifteenth of January, 1875, with the terms of the agreement of 1873 shall be taken as a default, and no other putting in default shall be necessary. The right to redeem and recover possession of said plantation and appurtenances during the year 1874 is reserved and conceded to the said Penn upon his complying with the terms of the agreement of 1873, he taking the plantation in the condition it may be," etc. A large number of judgments for sums under five hundred dollars was obtained by the laborers and executions were issued and seizures made of mules, furniture, implements, and crops on Ricohoc plantation. Provisional seizures had been previously made on the twenty-ninth of January, 1874.

In her petition and injunction the plaintiff alleges that she is a mort-

gage creditor with vendor's privilege upon the property seized for $46,-666 66, with eight per cent interest from the twentieth of October, 1869; that the property had been seized and taken possession of by the sheriff under executory process issued under her debts; that while the property was under her seizure, a compromise was made with her debtor by which he transferred to her the property for the unpaid price, subject to his right of redemption, the substance of which act has been already stated, and that said act was duly recorded. She avers that the value of the property seized under each and every one of the separate executions exceeds in value eight thousand dollars; and she attacks the validity of the several judgments obtained in the parish court on the ground that they are absolute nullities for want of citations, etc. She further alleges that by law the privilege of the laborers is confined to the crop of 1873, which was sold by the debtor Penn before the seizures, through their negligence, laches, or with their consent, and that they have no privilege on the property seized.

The district court clearly had jurisdiction of this case. The property was under seizure under the order of seizure and sale before the seizures of defendants; the *dation en paiement*, with the resolutory condition, vested the title in the plaintiff, and she had a right to enjoin the sale thereof under defendants' judgments if her allegations be true: and when judgments are opposed to third holders they may show in any court their nullity. The parish court could not have passed upon the questions raised by the petition of injunction for want of jurisdiction *ratione materiæ.*

It is therefore ordered that the judgments on the exceptions, which dismissed the suit, be overruled, and that the case be remanded to the court *a qua* to be proceeded with in accordance with the views herein expressed, and that the appellees pay costs of appeal.

Rehearing refused.